**COOK FORD SALES, INC., and Richard H. Bedsaul, Appellants (Plaintiffs below),**

v.

**Carl E. BENSON, Appellee (Defendant below),**
and
**Robert Charles Benson, Steve Saign and Earl Saign, (Defendants below).**

**No. 3137.**

Supreme Court of Wyoming.
May 7, 1963.

Badley & Saltmarsh, Bruce P. Badley, Myron E. Saltmarsh, Sheridan, for appellant.

Lonabaugh & Lonabaugh, E. E. Lonabaugh, Sheridan, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY and McINTYRE, JJ.

Mr. Justice HARNSBERGER delivered the opinion of the court.

This is an appeal from an order setting aside, vacating, and holding for naught a default judgment previously rendered against defendant Carl E. Benson. The vacating order recited that service of process was insufficient; that the court was without jurisdiction to grant the judgment; that the defendant had made prompt application to set aside the default judgment; and had tendered his answer.

The undisputed facts giving rise to the lawsuit indicate that defendants Robert Charles Benson and Steve Saign took one of Carl E. Benson's automobiles and drove to Sheridan, Wyoming. While being driven in Sheridan by Steve Saign, the Benson automobile ran into plaintiff-Bedsaul's station wagon which, in turn, ran into plaintiff-Cook Ford Sales' station wagon, resulting in damage to both station wagons.

It appears from the pleadings that service upon defendant Carl E. Benson was attempted in accordance with the provisions of § 1–52, W.S.1957. The substance of this statute states that the use and operation by a nonresident of the State of Wyoming, *or his agent,* of a motor vehicle over any street or highway within the State of Wyoming shall be deemed an appointment by such nonresident of the Secretary of State of Wyoming as his true and lawful attorney upon whom may be served all legal process in an action or proceeding against him. Notice of such service was sent by certified mail to each defendant, the evidence of that fact appearing by return receipts signed by or on behalf of such defendants.

When the defendant Carl E. Benson failed to file an answer within the time limited therefor, a default judgment was entered against him. Carl E. Benson then filed his motion to set aside the default, supporting the same by an affidavit to the effect that his car had been taken and used without his permission by Robert Charles Benson and Steve Saign. Before disposition of this motion, Carl E. Benson filed an answer to plaintiffs' complaint. It was after this answer was filed that the court entered its order vacating, setting aside, and holding for naught its previous default judgment against defendant Carl E. Benson.

The briefs and arguments of both parties to this appeal dealt principally with the sufficiency of service upon Carl E. Benson when he claimed his car had been used and driven without his consent. Any possible importance of this aspect need not here be resolved since defendant answered plaintiffs' complaint, thereby submitting himself to the jurisdiction of the court and leaving that question moot at this time.

Under these circumstances, the case remains at issue upon plaintiffs' complaint and defendant Carl E. Benson's answer. The conclusion is therefore obvious that the order appealed from is not a final order and hence not appealable.

The appeal is dismissed.

Dismissed.